(80 South. 661)

No. 21592.

NABORS v. FORTSON et al.

(Jan. 6, 1919. Rehearing Denied Feb. 3, 1919.)

(Syllabus by the Court.)

Costs ⊙⟶60, 236—Libel and Slander ⊙⟶ 140—Allegations and Proof—Relief—Apportionment.

Where a plaintiff in an action of jactitation alleges possession of a 40-acre tract, and claims damages, but proves possession of only 2½ acres, and no damages, attributable to that fraction, and defendants deny the possession of plaintiff, allege possession of the whole tract in themselves, and also claim damages, but prove neither possession nor damages, the plaintiff will be quieted in the possession proved by him, and otherwise the demands of the litigants, respectively, will be rejected without prejudice to their rights in some other form of action; and, the judgment appealed from being reversed, the appellee will be condemned to pay the costs of the appeal, and those of the lower court will be ordered paid by plaintiff and defendants, in the proportion of one-half by each.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Action of jactitation by J. M. Nabors against R. S. Fortson and others. Judgment for defendants, motion for new trial overruled, and plaintiff appeals. Judgment reversed, and · judgment rendered for plaintiff, quieting his title to certain land and other claims and demands of parties rejected without prejudice to their rights in another form of action.

E. W. Sutherlin, of Shreveport, and Liverman & Pollock, of Mansfield, for appellant.

Foster, Looney & Wilkinson, of Shreveport, for appellees.

## Statement of the Case.

MONROE, C. J. Plaintiff alleges that he is the true and lawful owner in "actual, physical, corporeal possession," for 34 years, of the N. E. ¼ of the S. W. ¼ of section 5, T. 12 N., R. 11 W., Louisiana meridian, containing 40 acres, more or less, and that defendants are slandering his title by asserting that the land belongs to the estate of William T. Fortson, deceased, thereby causing him loss and damages to the extent of $2,500, and he prays that they be condemned either to disclaim title, or "to assert and set up herein whatever right or title they may claim." Defendants filed an exception of no cause of action, and, reserving their rights with respect thereto, further excepted and alleged "that plaintiff is not in possession, and has never had actual, physical, open possession of the land described in the petition, and hence cannot maintain this suit, which allegations are repeated in an answer, which was filed with reservation of rights in the exceptions, and in which defendants allege that they are in possession of the property, but

"deny that they are slandering plaintiff's title thereto, as he has no title whatever," and, further alleging that they have been "annoyed by the illegal assertions of plaintiff, which are false and slanderous," they pray that his demands be rejected, and that they have judgment, in reconvention, in the sum of $5,000. The exceptions having been referred to the merits, the case was tried before a jury, which brought in a verdict reading, "We, the jury, after due deliberation, find that Richard Fortson and heirs are in possession of the property in litigation," whereupon, after overruling a motion for new trial, filed by plaintiff, the court gave judgment in favor of defendants, Richard S. Fortson et al., rejecting plaintiff's demands, and plaintiff has appealed. On the issue of possession vel non the facts disclosed by the evidence are as follows:

For the purposes of his claim of possession, plaintiff has exhibited certain muniments of title, but he has proved undisturbed possession, during the year preceding the suit, of only 2½ of the 40 (or 38.66) acres described in the petition, being the strip shown on the annexed "sketch" as lying on the north

N.E ¼ OF S.W. ¼ OF SEC. 5, T. 12, R. 11

WIRE FENCE

MANSFIELD & COUSHATTA WAGON ROAD

N

1320

WIRE FENCE

BAYOU

1320

LANDS WEST OF FENCE IN TIMBER

LANDS EAST OF FENCE CLEARED.

WIRE FENCE

120

645

1320

side of the "Mansfield & Coushatta wagon road," which 2½ acres he has had in cultivation, as part of a larger tract, for many years. The cleared land on the south side of the wagon road, and to the eastward of the wire fence, has been occupied by Yarbrough, Jenkins, and others, and the timbered land to the westward of the fence cannot be said to have been occupied by any one, the house in the southeastern corner of that tract having, until within a year prior to the institution of this suit, been regarded by plaintiff as located on the "40" below, and as the property of another person. Negro tenants, or employés, of plaintiff, working above the road, may, at times, have cut wood or posts on the timbered tract, but, equally so did others, to the east and south, and probably to the west. Defendants have also exhibited certain muniments of title in connection with their claim of possession, but have shown no possession.

## Opinion.

We are of opinion that plaintiff should have judgment protecting his possession, so far as proved. His claim for damages is predicated, in part, on the fact that he was obliged to cancel an oil lease that he had made, and return $1,000, received from the lessee, also incur a debt of $100 for attorney's fees, but there is no evidence that the 2½ acres of which he is in possession attracted the lessee, and, as matters stand, we do not think that defendants should be mulcted for any other damages than their proportion of the costs of the suit. Defendants have proved no damages and are entitled to recover none in this suit.

It is therefore ordered and adjudged that the judgment appealed from be annulled, and that there now be judgment for plaintiff, quieting him in possession of all that portion of the northeast quarter of the southwest quarter of section 5, in township 12

north, range 11 west, Louisiana meridian, which lies upon the north side of the Mansfield and Coushatta wagon road, as shown on the plan, or map, drawn by H. A. Miller, C. E., and filed in this suit, and of which the subjoined "sketch" is a rough copy. It is further decreed that in all other respects the demands of plaintiff and defendants, respectively, be rejected, without prejudice to their rights to other forms of action.

It is further decreed that the costs of the appeal be paid by defendants and those of the district court by the litigants in the proportions of one-half by defendants and one-half by plaintiff.

DAWKINS, J., takes no part.